Curia, per

Butler, J.
The decision of a single point in this case will dispose of all the questions involved in the grounds of appeal, viz. Is a landlord, who has distrained for rent, bound to set out in his avowry any thing more than the lease under which the tenant entered and held the premises 1 The rule of law is unquestionable, that a tenant cannot dispute his landlord’s title: he is estopped, by his own deed, from denying any thing contained in it: that constitutes the law of the contract. Hence, in an action to try titles, *100 by a landlord against a tenant holding over, the plaintiff is not required to go farther back into his title than the lease disclosing the relation of the parties, to entitle him to recover the land and damages for its use. If the land itself may be thus recovered, why may not the rent, which is but an issue from the land 1
Magrath for the motion ; Horlbeck, contra.
The avowry, in this case, sets out the lease under which defendant entered, and by which he bound himself to pay rent to defendant, not as the representative of any one, but absolutely, as Rachel Barrett. He must abide the terms of his deed, and cannot dispute the character of the avowant as therein recognized. This being the case, the plaintiff has no right to require the defendant to set out her title to the premises, but is controlled by the title under which he holds them. There may, possibly, be cases where the plaintiff in replevin may require the avowant to set out title to land, as where the plaintiff is a stranger to the avowant; but, as between landlord and tenant, it never can be necessary.
By Stat. 11 Geo. II, c. 19, sec. 22, (2 Stat. So. Ca. 579,) it is expressly enacted that an avowant in replevin is not bound to. state any thing more in his avowry than the lease or demise under which the tenant held. This Statute has not, it would seem, been expressly made of force in this State. Its provisions, however, have been so uniformly observed in practice, that it may be said to form a part of the law of the land. Indeed it seems to me to be but declaratory of the general principles regulating the relation of landlord and tenant.
Motion dismissed;
Gantt, Richardson and Earle, JJ. concurring.